UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE RUIZ,<br><br>                    Plaintiff,<br><br>        v.<br><br>KEN CLARK, et al.,<br><br>                    Defendants. | Case No. 1:20-cv-00893-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT CERTAIN CLAIMS AND DEFENDANTS BE DISMISSED<br><br>(ECF NOS. 1 & 8)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

George Ruiz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed his complaint on June 29, 2020. (ECF No. 1). The Court screened Plaintiff's complaint. (ECF No. 8). The Court found that Plaintiff's complaint "states cognizable claims against (1) Defendants Ken Clark, D. Baughman, S. Alfaro, G. Jaime, J. Gallaghar and P. Llamas for (a) unconstitutional conditions of confinement in violation of the Eighth Amendment and (b) discriminatory treatment on account of Plaintiff's race in violation of the Equal Protection Clause of the Fourteenth Amendment with respect to being placed on a lockdown, a modified program, and reducing his privileges, and (2) Defendants Ken Clark, D. Baughman, and J. Gallaghar for preferentially treating black inmates classified as STG Bloods and STG Crips as compared to Plaintiff on account of his race in violation of the Equal Protection Clause of the Fourteenth Amendment. Plaintiff has failed to state any other claims." (*Id.* at 26).

The Court allowed Plaintiff to choose between proceeding only on the claims found cognizable by the Court in the screening order or filing an amended the complaint.  (*Id.* at 27-28).  On September 21, 2020, Plaintiff notified the Court that he wants to proceed only on the claims found cognizable in the screening order.  (ECF No. 9).

Accordingly, for the reasons set forth in the Court's screening order that was entered on September 2, 2020 (ECF No. 16), and because Plaintiff has notified the Court that he wants to proceed only on the claims found cognizable in the screening order (ECF No. 9), it is HEREBY RECOMMENDED that all claims and defendants be dismissed, except for Plaintiff's claims against (1) Defendants Ken Clark, D. Baughman, S. Alfaro, G. Jaime, J. Gallaghar and P. Llamas for (a) unconstitutional conditions of confinement in violation of the Eighth Amendment and (b) discriminatory treatment on account of Plaintiff's race in violation of the Equal Protection Clause of the Fourteenth Amendment with respect to being placed on a lockdown, a modified program, and reducing his privileges, and (2) Defendants Ken Clark, D. Baughman, and J. Gallaghar for preferentially treating black inmates classified as STG Bloods and STG Crips as compared to Plaintiff on account of his race in violation of the Equal Protection Clause of the Fourteenth Amendment.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

\\\
\\\
\\\
\\\

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:  **September 23, 2020**                    /s/ *Erica P. Grosjean*
                                              UNITED STATES MAGISTRATE JUDGE