UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE RUIZ,<br><br>    Plaintiff,<br><br>v.<br><br>KEN CLARK, et al.,<br><br>    Defendants. | Case No. 1:20-cv-00893-AWI-EPG (PC)<br><br>ORDER GRANTING MOTION TO SEAL, IN PART, AND SETTING RESPONSE DATE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 35, 36) |

Plaintiff George Ruiz is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Generally, the complaint brings claims concerning treatment of Plaintiff and other inmates classified as STG Surenos following a fight that occurred on September 28, 2018 with the STG Bulldogs. (ECF No. 1).

On July 15, 2021, Defendants filed a motion for summary judgment, arguing that Plaintiff failed to administratively exhaust any claim brought in the complaint. (ECF No. 35). Defendants also filed a *notice* of request to seal documents, seeking to "to seal Exhibit B to the declarations of J. Mendez and H. Moseley filed in support of Defendants' Motion for Summary Judgment (Exhaustion) (ECF No. 35)." (ECF No. 36). Defendants identify the document to be sealed as "Group Appeal Log No. COR-18-06047" and state that "[t]his request for sealing is based on institutional safety and security, and on inmates' right to privacy and confidentiality."

Defendants state that the *request* to seal documents (the *request* to seal is a separate document from the *notice* of request to seal) and proposed order have been served on Plaintiff, but they did not serve Plaintiff with the exhibits requested to be sealed. Defendants have not filed

1

the request to seal, proposed order, or exhibits requested to be sealed, but they have emailed them to the Court.

For the reasons that follow, the Court will grant, the request to seal, construed as a motion to seal in part. It will allow the documents to be filed under seal, but will require filing of the documents in redacted form. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)); *see also* Local Rule 141 ("Documents may be sealed only by written order of the Court, upon the showing required by applicable law."). Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point for this Court's inquiry. *Kamakana*, 447 F.3d at 1178 (citations omitted). In order to overcome this strong presumption, a party seeking to seal a judicial record must meet the compelling-reasons standard by articulating compelling reasons, which are supported by specific facts, that outweigh the historical right of access and the public policies favoring disclosure. *Id.* at 1178–79; *see Reberger v. Vern*, No. 3:17-cv-00077-MMD-WGC, 2019 WL 5889293, at *2 (D. Nev. Nov. 12, 2019) (applying compelling-reasons standard where defendants sought "to file exhibits under seal in connection with their motion for summary judgment"). The Court must "conscientiously balance" the "competing interests" of the public and the party seeking to seal the judicial record. *Kamakana*, 447 F.3d at 1179 (citation omitted). The determination as to what constitutes a "compelling reason" is within the Court's "sound discretion." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citation omitted)

As an initial matter, the Court notes that the Defendants' notice of request to seal documents contains no legal argument. (ECF No. 36). Rather, Defendants' request to seal, which was not filed of record, but was emailed to the Court, contains all the relevant legal argument. Defendants do not explain (and the Court sees no basis) why the request was not filed of record. The reason cannot be that the request itself contains information sought to be sealed, as Defendants served the request on

Plaintiff. Accordingly, the Court will order Defendants to file their request to seal of record.

Turning to the merits of the request, Defendants seek to seal two different exhibits (both labeled as Exhibit B) to the declarations of J. Mendez and H. Moseley, which declarations are included in support of the motion for summary judgment. (*See* ECF Nos. 35-4, 35-5). Defendants state that the exhibits relate to a group appeal filed by other inmates, and not joined by Plaintiff, that concerns the subject matter of this suit. Defendants argue that these exhibits support their argument that Plaintiff never exhausted his administrative remedies.

As grounds for sealing, the Defendants argue as follows:

> The information contained within the document to be sealed includes the names, CDCR numbers, assignments, unit and cell numbers, and dated signatures of 14 inmates. The disclosure of inmate names and CDCR numbers would violate the inmates' right to privacy. Title 15 of the California Code of Regulations also prohibits the disclosure of an inmate's personal information to another inmate. Cal. Code Regs. tit. 15, §§ 3450(e), 3402(a), 3321. And, the disclosure of such personal information is prohibited by California Civil Code Section 1798.24, unless certain requirements are met, including notice if disclosure is made pursuant to court order. The disclosure of the identities of involved inmates could also present further security risks because of gang affiliations. Redaction is also not feasible or practical, because the confidential information is contained throughout the entire document. This request for sealing is therefore based on institutional safety and security, and inmates' right to privacy and the confidentiality.

The Court finds these reasons compelling enough to outweigh the presumption of public access to some of the information contained within the exhibits. First, the Court finds compelling Defendants' desire to prohibit Plaintiff from possessing personal information (such as assignments and cell numbers) of other inmates. *Gamez v. Gonzalez*, No. 08CV1113 MJL PCL, 2011 WL 1087090, at *3 (E.D. Cal. Mar. 24, 2011) (noting that California law generally prohibits inmates from possessing records related to other inmates). Likewise, the Court concludes that prohibiting Plaintiff from learning the gang affiliations of the other inmates to be a compelling reason. *Id.* at *4 ("Contained within a debriefing report is information regarding the inmate's gang activity and active gang affiliates. Debriefing reports are kept in the confidential section of the prison central files of those inmates who have debriefed. If another inmate were to learn the name and CDC number of an informant, it would place the informant's safety in danger. Thus, disclosure of debriefing reports to Plaintiff would create a hazard to the safety and security of the institution. Also, because debriefing reports are stored in the inmate's central file, disclosure of

this information to Plaintiff would violate other inmates' privacy.").

However, Defendants will be directed to file a redacted copy, removing the personal information of the relevant inmates and any other portions implicating prison safety and security. While the Court recognizes that Defendants argue that "redaction is also not feasible or practical, because the confidential information is contained throughout the entire document," the Court disagrees. At the very least, being able to read the heading, dates, and descriptions of the complained of conduct in the exhibits will be of benefit to Plaintiff in formulating his response to the motion for summary judgment, even if a substantial amount of information is otherwise redacted.

Accordingly, as explained above, IT IS ORDERED as follows:

1. Defendants' request to seal documents, construed as a motion to seal, is granted, in part;
2. No later than July 23, 2021, Defendants shall file a copy of their request to seal documents in an identical form to that which was provided to the Court by email;
3. Upon the filing of the request to seal documents, construed as a motion to seal, the Clerk of Court is directed to term the construed motion as granted pursuant to this order;
4. No later than July 23, 2021, Defendants shall file, under seal, unredacted copies of Exhibits B to the declarations of H. Moseley and J. Mendez. (ECF Nos. 35-4, 35-5); *see* Local Rule 140(b) ("A party that makes a redacted filing may also file an unredacted copy under seal if the Court so orders. The unredacted copy will be retained by the Court under seal as part of the record.");
5. Also no later than July 23, 2021, Defendant shall file a redacted version of these exhibits redacting any information revealing personal information about inmates or implicating prison safety and security concerns, but including the date, general subject matter, and any other non-confidential information;

\\\

\\\

\\\

6. Plaintiff shall file his response to Defendants' motion for summary judgment (ECF No.

35) within 21 days after being served with a copy of the unredacted exhibits. *See* Local Rule 230(l).

IT IS SO ORDERED.

Dated: **July 19, 2021**                          /s/ *Erica P. Grosjean*
                                                   UNITED STATES MAGISTRATE JUDGE