UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE RUIZ,<br><br>         Plaintiff,<br><br>    v.<br><br>KEN CLARK, et al.,<br><br>         Defendants. | Case No. 1:20-cv-00893-AWI-EPG (PC)<br><br>ORDER REQUIRING PLAINTIFF TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 35) |

   Plaintiff George Ruiz is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On July 15, 2021, Defendants filed a motion for summary judgment, arguing that Plaintiff failed to administratively exhaust any claim brought in the complaint. (ECF No. 35). Defendants also filed a *notice* of request to seal documents, seeking to "to seal Exhibit B to the declarations of J. Mendez and H. Moseley filed in support of Defendants' Motion for Summary Judgment (Exhaustion) (ECF No. 35)." (ECF No. 36).

   The Court granted permission to seal the exhibits but directed Defendants to file, no later than July 23, 2021, a redacted version of the exhibits, redacting any information revealing personal information about inmates or implicating prison safety and security concerns, but including the date, general subject matter, and any other non-confidential information. (ECF No. 37). Plaintiff was ordered to file his opposition to Defendants' motion for summary judgment within 21 days after Defendants served him with a copy of the exhibits. Defendants filed the redacted exhibits on July 23, 2021. (ECF No. 39). To date, Plaintiff has not filed an opposition to

the motion for summary judgment, and the 21-day period for him to do so has expired.

Local Rule 230(l) provides that the failure "to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." While a motion for summary judgment cannot be granted by default, *Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2013), the Court does have other options when a party fails to respond. For example, if Plaintiff fails to respond, the Court may treat the facts asserted by Defendants as "undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

However, given Plaintiff's *pro se* status, the Court will not impose any sanctions or treat the facts asserted by Defendants as undisputed at this time. Rather, to ensure that Plaintiff has had a sufficient opportunity to respond, the Court will grant Plaintiff additional time to respond. Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff has until September 10, 2021, to file and serve an opposition or a statement of non-opposition to Defendants' motion for summary judgment, or to request additional time to do so.

2. If Plaintiff files an opposition, Defendants have seven days from the date the opposition is filed in CM/ECF to file and serve a reply to the opposition.

3. If Plaintiff fails to comply with this order, in ruling on Defendants' motion for summary judgment the Court may treat the facts asserted by Defendants in the motion for summary judgment as undisputed. Alternatively, the Court may recommend that this case be dismissed for failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   **August 23, 2021**         /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE

2