UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE RUIZ,<br><br>        Plaintiff,<br><br>   v.<br><br>KEN CLARK, et al.,<br><br>        Defendants. | Case No. 1:20-cv-00893-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO PROSECUTE AND COMPLY WITH THE COURT'S ORDERS<br><br>(ECF No. 43) |

      Plaintiff George Ruiz is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants moved for summary judgment on July 15, 2021, asserting that Plaintiff failed to exhaust his administrative remedies as to any of his claims. (ECF No. 35). Despite this Court issuing two orders for Plaintiff to respond to the motion for summary judgment, Plaintiff has failed to do so. (*See* ECF No. 37, 43). Moreover, Plaintiff has not filed anything in the case since before the motion for summary judgment was filed. Because Plaintiff has failed to prosecute this case and comply with the Court's orders, the Court recommends dismissal of this case.

**I.    BACKGROUND**

      Plaintiff filed this lawsuit on June 29, 2020, against six defendants: Ken Clark; D. Baughman; S. Alfaro; G. Jaimie; J. Gallaghar; and P. Llamas. (ECF No. 1). The Complaint brought claims concerning the treatment of Plaintiff and other inmates classified as STG Surenos following a prison fight. In reviewing the complaint on September 2, 2020, the Court concluded

that Plaintiff stated cognizable claims against (1) Defendants Ken Clark, D. Baughman, S. Alfaro, G. Jaime, J. Gallaghar and P. Llamas for (a) unconstitutional conditions of confinement in violation of the Eighth Amendment and (b) discriminatory treatment on account of Plaintiff's race in violation of the Equal Protection Clause of the Fourteenth Amendment with respect to being placed on a lockdown, a modified program, and reducing his privileges, and (2) Defendants Ken Clark, D. Baughman, and J. Gallaghar for preferentially treating black inmates classified as STG Bloods and STG Crips as compared to Plaintiff on account of his race in violation of the Equal Protection Clause of the Fourteenth Amendment. (ECF No. 8). On September 21, 2020, Plaintiff notified the Court that he wanted to proceed only on the claims found cognizable in the screening order. (ECF No. 9). Accordingly, the Court issued findings and recommendations (ECF No. 11) on September 23, 2020, consistent with the screening order, which the District Court adopted (ECF No. 21) on December 4, 2020.

On July 15, 2021, Defendants filed a motion for summary judgment, arguing that Plaintiff failed to administratively exhaust any claim brought in the complaint; specifically, because he did not file any grievance or sign a group appeal relating to the claims in his complaint, and thus the case should be dismissed without prejudice. (ECF No. 35). The Court issued an order directing Plaintiff to respond to Defendants' motion for summary judgment. (ECF No. 37).

After Plaintiff failed to timely file a response, the Court *sua sponte* entered a second order, on August 23, 2021, requiring Plaintiff to respond to the motion for summary judgment, this time giving him a deadline of September 10, 2021, to file an opposition brief, a statement of non-opposition, or to request additional time to do so. (ECF No. 43). Plaintiff was warned that if he failed to comply with this order, in ruling on Defendants' motion for summary judgment the Court may treat the facts asserted by Defendants in the motion for summary judgment as undisputed, or, alternatively, "the Court may recommend that this case be dismissed for failure to prosecute and failure to comply with a court order." (*Id.* at 2). The September 10, 2021 deadline has passed without Plaintiff filing an opposition to the motion for summary judgment, a statement of non-opposition, or requesting additional time to do so.

///

## II. ANALYSIS

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff's failure to file a response to the motion for summary as required by the Court's orders (*see* ECF Nos. 37, 43) and otherwise prosecute this action is delaying the case. Such failure to respond to the motion, or even request an extension of time to do so, despite being given a *sua sponte* extension, indicates that Plaintiff has no intention of pursuing his case. Notably, Plaintiff has not filed anything in this case since May 2021. (ECF No. 31). And, allowing this case to proceed further, without any indication that Plaintiff wishes to prosecute this action, would waste judicial resources. *Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("Yet despite the considerable leeway plaintiff has been granted in prosecuting this case because of his pro se status, he has failed to respond to the motion [for summary judgment] as directed. The court will not continue to drag out these proceedings when it appears that plaintiff has no intention of diligently pursuing this case."). Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to prosecute this case and comply with the Court's orders

3

that is causing delay and preventing this case from progressing.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and fails to comply with the Court's orders, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's *in forma pauperis* status. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice. Lastly, the Court notes that the motion for summary judgment requests that this case be dismissed without prejudice based off Plaintiff's failure to exhaust his administrative remedies. (ECF No. 35-1, p. 2). This request further justifies a dismissal without prejudice in this case.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

### III. CONCLUSION AND RECOMMENDATIONS

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to prosecute and comply with the Court's orders; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\

\\\

Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

IT IS SO ORDERED.

Dated: **September 22, 2021**     /s/ Eric P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE